UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5:11-55-JMH |
| v. | ) ) | |
| DANNY J. GAYHART, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant's Motion to Dismiss the Superseding Indictment in this matter [DE 29] on the grounds that it fails to charge a felony violation of the MBTA because it does not aver that Defendant took the actions described "while knowing that the birds [in question] were migratory birds." The Court being adequately advised, this motion is ripe for decision and will be denied for the reasons stated below.

Defendant was charged with violating the Migratory Bird Treaty Act ("MBTA") by (1) "knowingly sell[ing], without being permitted to do so, a migratory bird, that is, a red tailed hawk, a federally protected bird species under the Migratory Bird Treaty Act, all in violation of 16 U.S.C. §§ 703 & 707(b)(2)" and (2) "knowingly tak[ing], with the intent to sell, without being permitted to do so, a migratory bird, that is, a red tailed hawk, a federally protected bird species under the Migratory Bird Treaty Act, all in violation of 16 U.S.C. §§ 703 & 707(b)(1)." [Superseding

Indictment, DE 23.]

In relevant part, 16 U.S.C. § 703(a) makes it unlawful to engage in certain conduct, as follows:

> Unless and except as permitted by regulations made as hereinafter provided in this subchapter, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill, possess, offer for sale, sell, offer to barter, barter, offer to purchase, purchase, deliver for shipment, ship, export, import, cause to be shipped, exported, or imported, deliver for transportation, transport or cause to be transported, carry or cause to be carried, or receive for shipment, transportation, carriage, or export, any migratory bird, any part, nest, or egg of any such bird, or any product, whether or not manufactured, which consists, or is composed in whole or part, of any such bird or any part, nest, or egg thereof, included in the terms of the conventions between the United States and Great Britain for the protection of migratory birds concluded August 16, 1916 (39 Stat. 1702), the United States and the United Mexican States for the protection of migratory birds and game mammals concluded February 7, 1936, the United States and the Government of Japan for the protection of migratory birds and birds in danger of extinction, and their environment concluded March 4, 1972 and the convention between the United States and the Union of Soviet Socialist Republics for the conservation of migratory birds and their environments concluded November 19, 1976.

Section 707(a) defines a misdemeanor violation of the MBTA as follows:

> Except as otherwise provided in this section, any person, association, partnership, or corporation who shall violate any provisions

-2-

> of said conventions or of this subchapter, or who shall violate or fail to comply with any regulation made pursuant to this subchapter shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $15,000 or be imprisoned not more than six months, or both.

Section 707(b) provides for a felony violation by including the mens rea element of "knowingly":

> Whoever, in violation of this subchapter, shall knowingly--
>
> (1) take by any manner whatsoever any migratory bird with intent to sell, offer to sell, barter or offer to barter such bird, or
>
> (2) sell, offer for sale, barter or offer to barter, any migratory bird shall be guilty of a felony and shall be fined not more than $2,000 or imprisoned not more than two years, or both.

Defendant argues that the Superseding Indictment does not charge a felony because, as worded, it avers only that Defendant knowingly committed the acts of selling or taking, with the intent to sell, a bird. It does not, he argues, aver that he took those actions while knowing that the prohibited acts affected a migratory bird. He argues that the statute's requirement that he act "knowingly" means that one has to "know" that a bird is migratory and, thus, protected before one can be held liable for a felony under § 707(b).

First and foremost, the Court is not persuaded that the Superseding Indictment fails to properly set forth a charge under

-3-

§ 707(b). The language contained in the Superseding Indictment tracks the language of the statute, in which "knowingly" immediately precedes the verbs "take," "sell," "offer for sale," "barter," and "offer to barter." Thus, in § 707(b), the word "knowingly" modifies only the verbs which follow it and, thus, refers only to the Defendant's behavior in taking and selling a bird – not his state of awareness as to the specific identity of the bird in question.[1] Cf. *United States v. Zak*, 486 F.Supp.2d 208, 219 (D. Mass. 2007) (holding that Bald and Golden Eagle Protection Act, which largely mirrors the operative language of the MBTA, makes it "emphatically clear that 'knowingly' only refers to Defendant's behavior in deliberately retrieving his rifle and intentionally aiming and shooting, not to his state of awareness as

---

[1] With respect to the MBTA, Congress undoubtedly meant what it said and said what it meant. That said, the Senate Report on the Emergency Wetlands Resources Act of 1986 (adding "knowingly" to the statute in response to the decision in *United States v. Wulff*, 758 F.2d 1121 (6th Cir. 1985)) stated that:

> [T]he amendment will require proof that the defendant knew (1) that his actions constituted a taking, sale, barter, or offer to sell or barter, as the case may be and (2) that the item so taken, sold, or bartered was a bird or portion thereof. It is not intended that proof be required that the defendant knew the taking, sale, barter or offer was a violation of the subchapter, nor that he know the particular bird was listed in the various international treaties implemented by this Act.

S. Rep. 99-445, at 15 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6113, 6128.

to the specific identity of the bird he shot"); *United States v. Pitrone*, 115 F.3d 1, 7 (1st Cir. 1997) (holding that "knowingly" modified "take" and "sell" in 16 U.S.C. § 707(b), not "in violation of this subchapter," and there was no requirement of proof of specific intent to demonstrate violation of the MBTA by defendant).

Of course, whether the government can prove that Defendant had the mens rea to commit a felony and what proof it will offer at trial in support of the charge that Defendant "knowingly" sold or took, with the intent to sell, remains to be seen. This is not however, a reason to dismiss the Superseding Indictment.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss [DE 29] is **DENIED**.

This the 31st day of October, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge